[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR MODIFICATION (#127)
The marriage between the plaintiff, Cynthia J, Koldys, now Cynthia Arnold, and the defendant, William D. Koldys was dissolved on December 5, 1986. A stipulated agreement was incorporated by reference as part of the divorce judgment, Paragraph 2 of the agreement provides as follows:
 2. The Husband shall pay to the Wife as support of the minor children, the sum of Ninety Dollars ($90.00) per week per child, commencing December 8, 1986. It is understood and agreed that the Husband shall be entitled to claim any and all dependency exemptions for the minor children whenever either party is entitled to claim the dependency exemptions under any provision of the Internal Revenue Code; as amended, or under any State or local tax law allowing for dependency exemptions. The wife agrees to sign and to provide the Husband with any declaration required by the Internal Revenue Service or other taxing authority to implement this paragraph.
There were two children issue of the marriage, Sayzie J. Koldys, born September 24, 1974, now eighteen years of age, and Nathan G. CT Page 10895 Koldys, born September 17, 1978. Both children reside with their mother who provides them major support. Sayzie is a full time student at Skidmore College and Nathan a day student at Rumsey Hall School.
The plaintiff seeks to modify the stipulated agreement to permit her to take both dependency exemptions for both children. On April 14, 1987 Mrs. Koldys signed IRS form 8332 releasing "Claim to Exemption for Future Years" — "for tax years) ALL Future Years," Under IRS regulations, since the plaintiff is the custodial parent she would be entitled to the exemption for each child were it not for form 8332. To release this form, the signature of both parties is required.
The tuition alone for the two children is in excess of $30,000.00. In addition there are the usual school extra charges, clothing and food, etcetera. Mr. Koldys now pays only $4,680.00 per year for the youngest child. Clearly, the agreement applies only to "minor children" and therefore does not include Sayzie.
It is the order of the court that the defendant within thirty days execute any form required by the IRS to release the plaintiff from the waiver under form 8332 as to the daughter Sayzie and further that he execute any form necessary to release the plaintiff from said obligation as to the son Nathan as of December 31, 1996.
The defendant claimed in argument that the court was powerless to modify the judgment. The decision reached in this decision is not a modification but an interpretation of the express term of paragraph 2 of the stipulated agreement which relates to "minor children" only.
PICKETT, J.